[No. 10498–5–I.   Division One.   September 19, 1983.]

ROBERT G. REID, ET AL, *Appellants*, v. KING COUNTY, *Defendant*, THE DEPARTMENT OF NATURAL RESOURCES, *Respondent*.

*Livengood, Silvernale, Carter & Tjossem* and *Philip L. Carter,* for appellants.

*Kenneth O. Eikenberry, Attorney General,* and *Theodore O. Torve, Senior Assistant,* for respondent.

WILLIAMS, J.—Robert G. and Jean A. Reid appeal from an order granting the Department of Natural Resources' summary judgment permanently enjoining them from excavating below the grade level as contained in the approved reclamation plan. They are the owners of Reid Sand and Gravel which operates a sand and gravel pit located north of I–90 at the south end of Lake Sammamish near Issaquah, Washington. The property consists of approximately 48 acres, abutting residential property on the north side.

In 1971 the Reids applied for and obtained a surface mining operation permit from the Department of Natural Resources. This permit, required by RCW 78.44.080 of the Washington surface mining reclamation act, provides:

> The total area to be disturbed by surface mining, including the deposition of surface mining refuse, shall be in accordance with the reclamation plan filed with and approved by the Board of Natural Resources with this permit, and in accordance with Exhibit "A" attached hereto and made a part of this permit, and the provisions of King County Grading Permit No. 1101.

Exhibit A provides:

> (1) All slopes shall not exceed 2' horizontal to 1' vertical. Where the site abuts other surface mining sites, slopes shall be compatible with the abutting site, but not to exceed 1.5 horizontal to 1 vertical.
> (2) A minimum setback of 25 feet shall be maintained between the top of all slopes and adjoining property. Where the site abuts other surface mining sites, the setback requirement is waived. However, the final configuration of pit floors and slopes shall be compatible with those of the adjoining sites.

The reclamation plan supporting the application submitted by Reids and approved by the Department in 1971 does not show any excavation below the elevation of the Redmond–Issaquah Road (Eastlake–Sammamish Parkway).

In the spring of 1980, Reids' operations were in violation of the terms of their permit in several ways. First, excavation had undermined the slopes adjoining private residences and other property not being surface mined in

direct violation of the requirements of the 2– to 1–foot sloping and 25–foot setbacks contained in exhibit A of the permit. Second, the Reids had excavated the floor of the pit below the 65–foot contour as much as 25 to 40 feet, contrary to the limits in the approved reclamation plan. In view of the violations, the Department sought injunctive relief by way of summary judgment against the Reids asserting that the mining as being conducted on the site exceeded, as a matter of law, the surface mining permit. The trial court granted an injunction enjoining mining activities.

One issue is presented: Does the Surface Mining Act permit the regulation of the operational phases of surface mining? The Reids contend that the provisions of RCW 78.44 authorizing the State to regulate and set limitations on the extent of surface mining relates to the fixing of the final reclaimed contours and does not control the operational phase of mining.

The primary objective in interpreting a statute is to ascertain and give effect to the intent of the Legislature. *See Janovich v. Herron,* 91 Wn.2d 767, 771, 592 P.2d 1096 (1979). If a statute is susceptible to two interpretations, the one which best advances the overall legislative purpose should be adopted. *Hart v. Peoples Nat'l Bank,* 91 Wn.2d 197, 203, 588 P.2d 204 (1978).

The Washington surface mining reclamation act, passed in 1970, has as a purpose "to provide that the usefulness, productivity, and scenic values of all lands and waters involved in surface mining within the state will receive the greatest practical degree of protection and restoration . . ." RCW 78.44.020. The Legislature in passing the act was concerned about health and safety effects of mining, environmental impacts, potential impacts upon property rights, and future productive use of mined land. RCW 78.44.010. The act further requires all operators engaged in surface mining after January 1, 1971, to have an operating permit issued by the Department of Natural Resources. RCW 78.44.080. After an evaluation, the Department issues an

operating permit subject to conditions necessary to achieve the purposes of the act. RCW 78.44.100. Compliance with the conditions of the operating permit and the reclamation plan is required during mining operations as well as upon the completion or abandonment of operations. RCW 78.44- .140, .160.

The Reids argue that they can excavate beyond the limits shown in the permit so long as they then fill back to the level authorized by the permit. The Department argues that the legislative scheme is clear on its face and that its concern for public health and safety, environmental quality, scenic value, property rights and protected use of surface mine land cannot be adequately met unless the surface mining reclamation act controls both active operations as well as reclamation. We agree.

We are mindful that the court's duty in interpreting a statute is to make it purposeful and effective rather than futile and meaningless. *Janovich v. Herron, supra.* In examining the statutory scheme, it is apparent that the Surface Mining Act includes not only reclamation but also the operational phase, for if it were any other way, the entire scheme would be vitiated. It would permit limitless excavation regardless of the consequences. There could be excavation on a vertical or greater than vertical face immediately adjacent to the adjoining property regardless of slope stability, erosion characteristics, safety measures and public safety. Or excavation could go below the water table level affecting both the amount and the quality of water in wells in the vicinity. Moreover, RCW 78.44.090(10) provides that if mining will disturb streams, the operator must also have the approval of the Department of Fisheries. It would be unconscionable to permit the mining operation to totally destroy stream life on the grounds that after the mining operation is completed the stream would be restored to its original state.

The Reids had no authority to depart from the approved plans without having obtained written approval of the changes from the Department. RCW 78.44.080(10). Because

724

the Reids' current operations are in violation of their surface mining permit and of the surface mining reclamation act, the trial court's order granting the injunction is affirmed.

ANDERSEN, C.J., and DURHAM, J., concur.